IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID KING,                                              No. CIV S-07-2787-FCD-CMK-P

        Plaintiff,

   vs.                                                         ORDER

T.M. PEBLER,

        Defendant.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I.  BACKGROUND

Plaintiff names correctional officer T.M. Pebler as the only defendant to this action.  Plaintiff seeks monetary damages for alleged humiliation and harassment.  Specifically, plaintiff asserts:

> On Dec. 7, 2005, Officer Pebler informed me that in order to receive my property I would have to cut my hair.  This took place in the R&R at Folsom Prison.  Officer Pebler was not enforcing any grooming standards because I was in compliance.

Included among the documentation attached to the instant complaint are records from a civil action plaintiff filed in state court against defendant Pebler on the same claim.  In particular, plaintiff attaches a copy of the state court complaint.  As to defendant Pebler, plaintiff alleged:

> . . . C/o Pebler, the property officer, observed [plaintiff and another correctional officer] talking about my hair.  After I got my I.D. card from C/o Ide, I asked Officer Pebler if I could get my property.  At first he did not answer so I asked again if I could get my property.  C/o Pebler informed me, in order to get my property, I would have to cut the back of my head.  I went out to building #2 right outside the R&R and got the hair cut.  I went back into R&R and told C/o Pebler that I cut the hair and could I get my property now.  C/o Pebler stated t me "Now that looks more aerodynamic," and he gave me my property.

/ / /

/ / /

1  Plaintiff further alleged:

2  . . . Plaintiff contends that the only reason Officer Pebler had for his actions was to harass and humiliate me because of his dislike for the haircut.  As a result of C/o Pebler's actions, I was threatened with bodily injury if I did not retaliate against him for making me cut my hair.  As I was leaving R&R with my property, I was approached by an inmate who said that "I better do something for the C/o punking me." in the prison system, when there is a perceived weakness, the aggressive inmates will prey upon the weak inmates and extort them or worse.  I was able to convince the inmate that my retaliation would be through the court, hence this suit.  The actions of C/o Pebler was especially humiliating to me because I suffer from male patterned baldness and my way of keeping a sense of self-esteem is to still grow hair in the back because the front has gone bald.

If it please the court, I would also like to state that the haircut, although humiliating to me, is not the gist of my argument.  I have been nervous and walking around the prison in a state of wondering if I will be attacked behind me for not retaliating against C/o Pebler.  I feel that C/o Pebler knew or should have known that the consequences of his actions would put me in danger of physical harm.

The prior action proceeded in the Sacramento County Superior Court as case no. 06AM08973.  The Superior Court sustained defendant's demurrer on May 8, 2007, and dismissed the action because plaintiff had not complied with the requirements of the California Tort Claims Act.

As further revealed by the documents attached to plaintiff's § 1983 complaint, plaintiff's inmate grievance sought to have defendant Pebler reprimanded.  In his grievance, plaintiff alleged that defendant Pebler humiliated him and displayed a willful course of harassment.  The prison responses to his grievances indicate that plaintiff was provided with his property and never charged with any rules violation in connection with his encounter with defendant Pebler in December 2005.

## II. DISCUSSION

Reading plaintiff's complaint liberally, it appears that plaintiff attempts to state claims under the Eighth Amendment based on verbal harassment and humiliation and/or disregard for a risk to his safety.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

### A.  **Harassment and Humiliation**

Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). The possible basis of a valid harassment claim in this case stems from plaintiff's allegation that plaintiff's self-esteem, which he alleges to be diminished due to male pattern baldness, is enhanced by growing his hair out at the back of his head, and that defendant Pebler's conduct in making him cut his hair denied him this source of enhancement. As currently alleged, however, plaintiff does not state a cognizable claim because he does not allege that defendant had any actual knowledge of his self-esteem issues and, therefore, that defendant's conduct was calculated to cause plaintiff to suffer psychological damage.

### B. Safety

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. To demonstrate that a prison official was deliberately indifferent to a safety risk, the prisoner must establish that the official knew of the risk but disregarded it. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844.

As with plaintiff's possible harassment claim, plaintiff has not stated a cognizable safety claim because he has not alleged that defendant knew of the risk associated with not responding to being "punked." The closest plaintiff comes is alleging that he feels that defendant knew or should have known of the safety risk. This, however, is insufficient to meet the requirement that defendant actually knew of the risk. Moreover, the court does not find that the alleged risk from being "punked" is so obvious as to meet this requirement.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's complaint (Doc. 1) is dismissed with leave to amend; and

2.   Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: December 27, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE