1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   DAVID KING,                              No. CIV S-07-2787-FCD-CMK-P
12              Plaintiff,
13        vs.                                 <u>ORDER</u>
14   T.M. PEBLER,
15              Defendant.
16   _____/
17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant
18   to 42 U.S.C. § 1983.  The court has authorized service of this action on defendant Pebler and
19   directed plaintiff to provide documentation for service of process by the United States Marshal.
20   Plaintiff has submitted the required papers.
21              Accordingly, IT IS HEREBY ORDERED that:
22              1.       The Clerk of the Court is directed to forward the instructions for service of
23   process, the completed summons form(s), copies of the complaint, and a copy of this order to the
24   United States Marshal;
25   / / /
26   / / /

2.      Within ten days from the date of this order, the United States Marshal is directed to notify defendant(s) of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c);

3.      The United States Marshal is directed to retain the sealed summons and a copy of the complaint in their file for future use;

4.      The United States Marshal shall file returned waivers of service of summons, as well as any requests for waivers that are returned as undelivered, as soon as they are received;

5.      If a waiver of service of summons is not returned by a defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

a.      Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), shall command all necessary assistance from the California Department of Corrections to execute this order, and shall maintain the confidentiality of all information provided by the California Department of Corrections pursuant to this order;

b.      Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant;

c.      Costs incurred in effecting service shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and amended complaint and for preparing new USM-285 forms, if required; and

d.      Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2);

6.      Defendant(s) shall reply to the complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a);

/ / /

/ / /

7.      Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions shall be briefed pursuant to Local Rule 78-230(m), and failure to oppose such a motion timely may be deemed a waiver of opposition to the motion; opposition to all other motions need be filed only as directed by the court;

8.      If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m), which will continue to govern all motions described in no. 7, above, in the absence of a court order granting such a request;

9.      Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure:  Such a motion is a request for dismissal of unexhausted claims without prejudice.  The defendant may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

1  court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

2  defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

3  unexhausted claims will be dismissed without prejudice.

4          10.     Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

5  and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following

6  requirements for opposing a motion for summary judgment made by defendants pursuant to Rule

7  56 of the Federal Rules of Civil Procedure:  Such a motion is a request for an order for judgment

8  in favor of defendants without trial.  A defendant's motion for summary judgment will set forth

9  the facts that the defendants contend are not reasonably subject to dispute and that entitle the

10 defendants to judgment.  To oppose a motion for summary judgment, plaintiff must show proof

11 of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may

12 rely upon statements made under the penalty of perjury in the complaint if the complaint shows

13 that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's

14 attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one

15 or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's

16 claims; the person who signs an affidavit or declaration must have personal knowledge of the

17 facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are

18 what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or

19 more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If

20 plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible

21 evidence, the defendants' evidence may be taken as the truth and the defendants' motion for

22 summary judgment granted.  If there is some good reason why such facts are not available to

23 plaintiff when required to oppose a motion for summary judgment, the court will consider a

24 request to postpone considering the defendants' motion.  If plaintiff does not serve and file a

25 written opposition to the motion or a request to postpone consideration of the motion, the court

26 may consider the failure to act as a waiver of opposition to the defendants' motion.  If the

defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

11.    A motion or opposition supported by unsigned affidavits or declarations will be stricken;

12.    Each party shall keep the court informed of a current address at all times while the action is pending, and any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address," which also must be properly served on all other parties;

13.    The failure of any party to comply with this or any other court order, the Federal Rules of Civil Procedure, or the local rules of this court may result in the imposition of appropriate sanctions, including dismissal of the action or entry of default; and

14.    The Clerk of the Court is directed to serve upon plaintiff a copy of the court's local rules.


DATED: April 24, 2008


                                    _____
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE